NED A. FINE (SBN 47786)
JOHN P. BOGGS (SBN 172578)
FINE, BOGGS & PERKINS LLP
2450 S. Cabrillo Hwy., Ste. 100
Half Moon Bay, CA 94019
Tel.: (650) 712-8908; Fax: (650) 712-1712
nfine@employerlawyers.com;
jboggs@employerlawyers.com
Attorneys for Plaintiffs

MARK H. EPSTEIN (SBN 121436)
E. MARTIN ESTRADA (SBN 223802)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Tel.: (213) 683-9100; Fax: (213) 687-3702
mark.epstein@mto.com; martin.estrada@mto.com

MALCOLM A. HEINICKE (SBN 194174)
REBECCA GOSE LYNCH (SBN 230078)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Tel: (415) 512-4000; Fax: (415) 512-4077
malcolm.heinicke@mto.com; rebecca.lynch@mto.com
Attorneys for Defendant
UNISOURCE WORLDWIDE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CREIGHTON, JAMES FITZPATRICK AND WILLIAM GALVIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>vs.<br>UNISOURCE WORLDWIDE, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV 06-03860 the<br><br>**STIPULATION FOR CONTINUANCE OF CERTAIN INITIAL DATES;** [PROPOSED] **ORDER**<br><br>[Filed concurrently herewith: Declaration of Rebecca Gose Lynch in support of Stipulation for Continuance of Certain Initial Dates]<br><br>(Alameda Superior Court Case No. RG06270215)<br>Courtroom: 12<br>The Honorable Thelton E. Henderson |

The parties, through their respective counsel and by this Joint Stipulation, hereby request the Court to continue for a brief period the initial dates established in the court's initial order resulting from the CMC held on September 25, 2006.

### PROCEDURAL BACKGROUND

On May 19, 2006, Plaintiffs filed the instant action in the California Superior Court for Alameda County. They served their Complaint on defendant Unisource Worldwide, Inc. ("Unisource") on May 22, 2006. Unisource answered the Complaint on June 19, 2006, and removed the action to this Court on June 20, 2006.

### FACTUAL AND LEGAL BASES FOR CLAIMS AND DEFENSES AND ISSUES IN DISPUTE

Plaintiffs were, or currently are, employed as sales representatives by Unisource. They assert claims for alleged violations of California labor law on behalf of themselves and all persons similarly situated. In their Complaint, Plaintiffs make four principal allegations: (a) that Unisource violated California labor law by not reimbursing sales employees for necessary business expenses; (b) that Unisource illegally made deductions from employees' earned commissions; (c) that Unisource unfairly calculated employees' earned commissions; and (d) that Unisource improperly sought a wavier and release from employees for the non-payment of wages and business expenses. Based on these principal allegations, Plaintiffs allege seven causes of action against Unisource: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) nonpayment of wages and improper deductions, (4) violation of Business & Professions Code §§ 17200, et seq., (5) violation of Labor Code § 2802, (6) violation of Labor Code §§ 98.6 and 1102.5, and (7) fraud.

Although this lawsuit is in its early stages and discovery is still ongoing, Unisource disputes all of Plaintiffs' principal allegations and it disputes that class treatment is appropriate in this action.

### ANTICIPATED MOTIONS AND CLASS CERTIFICATION DETERMINATION

Plaintiffs' Complaint has been filed as a class action. At this stage in the proceedings, the parties anticipate that the following motions will be filed in this action: Motion

1  for Class Certification and Motion for Summary Judgment or, in the Alternative, for Partial
2  Summary Judgment.  Other motions or filings may be necessary as this litigation progresses.
3        Regarding the anticipated Motion for Class Certification, the parties had earlier
4  agreed that the motion would be filed no later than April 15, 2007, the opposition due by May 15,
5  2007, and any reply due by June 1, 2007.  The motion will then be set for hearing on any
6  subsequent Monday convenient to the Court.  The parties proposed June 18, 2007 as the hearing
7  date for the anticipated Motion for Class Certification.  The court accepted the parties suggested
8  dates set out above.  The Court also set March 5, 2007 as the date for a further case management
9  conference.
10        The parties have already engaged in some discovery, but more time is required to
11  complete this discovery and engage in meaningful negotiations for potential settlement.  Several
12  depositions have been conducted and five or six more depositions are scheduled (some of which
13  are on the East Coast) or are being scheduled.  The parties ran into scheduling difficulties over the
14  holidays and are working diligently to accommodate depositions in a timely manner.  Defendant
15  has supplied Plaintiffs' counsel nearly thirteen thousand pages of documents, which have
16  consequently involved a great deal of time to review.  Further documents may still be requested.
17  Plaintiffs have also served interrogatories on Defendant, which Defendant has advised will take
18  considerably longer than the usual 30 days to answer.  Due to the difficulties in completing this
19  discovery, the parties have had to reschedule our private mediation with one of San Francisco's
20  most respected employment mediators, Mark Rudy, for April 12, 2007 and this also necessitates a
21  continuance in the earlier dates.  Both parties are taking the mediation seriously.
22        Because of the scheduling difficulties the parties encountered around the holidays,
23  the extent of discovery involved, and the mediator's schedule, the present schedule has become
24  unduly optimistic and impracticable.  The parties therefore respectfully request that the Court
25  accept the proposed order below, which establishes a revised schedule to accommodate these
26  concerns by moving the relevant dates back by approximately two (2) months as follows: the
27  deadline for mediation would be moved to April 12, 2007, the deadline for fact discovery with
28  regard to class certification issues would be moved to May 15, 2007, the filing deadline for any

1  motion for class certification would be moved to June 15, 2007 (with the opposition due by July
2  15, 2007 and the reply due by August 1, 2007), the hearing on any motion for class certification
3  would be continued to August 20, 2007, and the date for further case management conference
4  would be continued to May 7, 2007 at 1:30 p.m.

Respectfully submitted:

DATED: January 16, 2007

FINE, BOGGS & PERKINS LLP

By: *Ned A. Fine* /kyms/
    NED A. FINE

Attorneys for Plaintiffs
JOHN CREIGHTON, JAMES FITZPATRICK, and
WILLIAM GALVIN

DATED: January 12, 2007

MUNGER, TOLLES & OLSON LLP

By: *Rebecca Lynch*
    REBECCA G. LYNCH

Attorneys for Defendant
UNISOURCE WORLDWIDE, INC.

[~~PROPOSED~~] **REVISED CASE MANAGEMENT ORDER**

The Court's previous Case Management Order is revised as follows:

(1) The parties shall participate in private mediation on or before April 12, 2007;

(2) Discovery in this matter shall be bifurcated, with the first phase of discovery limited to class certification issues. Fact discovery with regard to the merits of the individual claims or class claims will proceed after the parties have briefed the anticipated Motion for Class Certification and the Court has determined whether class certification is appropriate here. While all discovery conducted during the first phase of discovery will be directed at class certification issues only, the parties will not limit the scope of their responses to otherwise valid discovery requests during the first phase of discovery based on the bifurcation of issues in discovery;

(3) Fact discovery with regard to class certification issues shall be completed by May 15, 2007;

(4) Any Motion for Class Certification will be filed by June 15, 2007, with the opposition due by July 15, 2007, and any reply due by August 1, 2007. The Motion for Class Certification shall be heard on August 20, 2007.

(5) The date for further case management conference will be continued to May 7, 2007 at 1:30.

IT IS SO ORDERED.

Dated: 01/17/07

_____
Judge Thelton E. Henderson