MARK H. EPSTEIN (State Bar No. 121436)
E. MARTIN ESTRADA (State Bar No. 223802)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702
mark.epstein@mto.com
martin.estrada@mto.com

MALCOLM A. HEINICKE (State Bar No. 194174)
REBECCA GOSE LYNCH (State Bar No. 230078)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077
malcolm.heinicke@mto.com
rebecca.lynch@mto.com
Attorneys for Defendant
Unisource Worldwide, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO/OAKLAND DIVISION)

|  |  |
|---|---|
| JOHN CREIGHTON, JAMES FITZPATRICK AND WILLIAM GALVIN, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>UNISOURCE WORLDWIDE, INC., and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. CV 06-03860 TEH<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**The Honorable Thelton E. Henderson** |

1233917.1

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party:  includes Defendants and named Plaintiffs in this action, including all of officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) of defendants and named Plaintiffs.

2.2   Disclosure or Discovery Material:   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential-For Attorney's Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2

1    2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material

2    from a Producing Party.

3    2.6   Producing Party:  a Party or non-party that produces Disclosure or

4    Discovery Material in this action.

5    2.7   Designating Party:  a Party or non-party that designates information or

6    items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

7    Confidential - Attorneys' Eyes Only."

8    2.8   Protected Material:  any Disclosure or Discovery Material that is

9    designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

10    2.9   Outside Counsel:  attorneys who are not employees of a Party but who are

11    retained to represent or advise a Party in this action.

12    2.10   House Counsel:  attorneys who are employees of a Party.

13    2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well

14    as their support staffs).

15    2.12   Expert:  a person with specialized knowledge or experience in a matter

16    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

17    witness or as a consultant in this action and who is not a past or a current employee of a Party or

18    of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

19    employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

20    trial consultant retained in connection with this litigation.

21    2.13   Professional Vendors:  persons or entities that provide litigation support

22    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

23    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

24    subcontractors.

25    3.   SCOPE

26    a.   General

27    The protections conferred by this Stipulation and Order cover not only Protected

28    Material (as defined above), but also any information copied or extracted therefrom, as well as all

3

1    copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

2    presentations by parties or counsel to or in court or in other settings that might reveal Protected

3    Material.

4           b.      Non-designated materials

5           All produced documents that are not publicly available, whether or not designated

6    as "confidential" or "highly confidential – attorney's eyes only," shall be used only for purposes

7    of this litigation and will not be otherwise disseminated.

8    4.      DURATION

9           Even after the termination of this litigation, the confidentiality obligations imposed

10   by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

11   court order otherwise directs.

12   5.      DESIGNATING PROTECTED MATERIAL

13          5.1     Exercise of Restraint and Care in Designating Material for Protection.

14          Each Party or non-party that designates information or items for protection under

15   this Order must take care to limit any such designation to specific material that qualifies under the

16   appropriate standards.  A Designating Party must take care to designate for protection only those

17   parts of material, documents, items, or oral or written communications that qualify — so that

18   other portions of the material, documents, items, or communications for which protection is not

19   warranted are not swept unjustifiably within the ambit of this Order.

20          Mass, indiscriminate, or routinized designations are prohibited.  Designations that

21   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

22   unnecessarily encumber or retard the case development process, or to impose unnecessary

23   expenses and burdens on other parties), expose the Designating Party to sanctions.

24          If it comes to a Party's or a non-party's attention that information or items that it

25   designated for protection do not qualify for protection at all, or do not qualify for the level of

26   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

27   withdrawing the mistaken designation.

28

1        5.2    Manner and Timing of Designations.  Except as otherwise provided in this

2   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

3   material that qualifies for protection under this Order must be clearly so designated before the

4   material is disclosed or produced.

5            Designation in conformity with this Order requires:

6        (a)    for information in documentary form (apart from transcripts of depositions

7   or other pretrial or trial proceedings), that the Producing Party affix the legend

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on each

9   page that contains protected material.  If only a portion or portions of the material on a page

10  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

11  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

12  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13  ATTORNEY'S EYES ONLY").

14           A Party or non-party that makes original documents or materials available for

15  inspection need not designate them for protection until after the inspecting Party has indicated

16  which material it would like copied and produced.  During the inspection and before the

17  designation, all of the material made available for inspection shall be deemed "HIGHLY

18  CONFIDENTIAL - ATTORNEY'S EYES ONLY."  After the inspecting Party has identified the

19  documents it wants copied and produced, the Producing Party must determine which documents,

20  or portions thereof, qualify for protection under this Order, then, before producing the specified

21  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

22  "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY") that contains Protected Material.

23  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

24  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

25  margins) and must specify, for each portion, the level of protection being asserted (either

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY").

27       (b)    for testimony given in deposition or in other pretrial or trial proceedings,

28  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

1    close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

2    any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEY'S

3    EYES ONLY." When it is impractical to identify separately each portion of testimony that is

4    entitled to protection, and when it appears that substantial portions of the testimony may qualify

5    for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

6    the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

7    identify the specific portions of the testimony as to which protection is sought and to specify the

8    level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

9    ATTORNEY'S EYES ONLY"). Only those portions of the testimony that are appropriately

10   designated for protection within the 20 days shall be covered by the provisions of this Stipulated

11   Protective Order.

12          Transcript pages containing Protected Material must be separately bound by the

13   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

14   "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," as instructed by the Party or non-

15   party offering or sponsoring the witness or presenting the testimony.

16          (c)    for information produced in some form other than documentary, and for

17   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

18   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

19   or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." If only portions of the

20   information or item warrant protection, the Producing Party, to the extent practicable, shall

21   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

22   Confidential – Attorney's Eyes Only."

23          5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24   failure to designate qualified information or items as "Confidential" or "Highly Confidential -

25   Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

26   protection under this Order for such material.  If material is appropriately designated as

27   "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially

28

1  produced, the Receiving Party, on timely notification of the designation, must make reasonable

2  efforts to assure that the material is treated in accordance with the provisions of this Order.

3      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4          6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's

5  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

6  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

7  waive its right to challenge a confidentiality designation by electing not to mount a challenge

8  promptly after the original designation is disclosed.

9          6.2      Meet and Confer.  A Party that elects to initiate a challenge to a

10  Designating Party's confidentiality designation must do so in good faith and must begin the

11  process by conferring directly (in voice to voice dialogue; other forms of communication are not

12  sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

13  explain the basis for its belief that the confidentiality designation was not proper and must give

14  the Designating Party an opportunity to review the designated material, to reconsider the

15  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

16  designation.  A challenging Party may proceed to the next stage of the challenge process only if it

17  has engaged in this meet and confer process first.

18          6.3      Judicial Intervention.  A Party that elects to press a challenge to a

19  confidentiality designation after considering the justification offered by the Designating Party

20  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

21  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

22  challenge. Each such motion must be accompanied by a competent declaration that affirms that

23  the movant has complied with the meet and confer requirements imposed in the preceding

24  paragraph and that sets forth with specificity the justification for the confidentiality designation

25  that was given by the Designating Party in the meet and confer dialogue.

26          The burden of persuasion in any such challenge proceeding shall be on the

27  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

28

7

1  material in question the level of protection to which it is entitled under the Producing Party's

2  designation.

3        7.     ACCESS TO AND USE OF PROTECTED MATERIAL

4            7.1    Basic Principles.  A Receiving Party may use Protected Material that is

5  disclosed or produced by another Party or by a non-party in connection with this case only for

6  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

7  disclosed only to the categories of persons and under the conditions described in this Order.

8  When the litigation has been terminated, a Receiving Party must comply with the provisions of

9  section 11, below (FINAL DISPOSITION).

10        Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons authorized under

12  this Order.

13            7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

14  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

15  disclose any information or item designated CONFIDENTIAL only to:

16        (a)    the Receiving Party's counsel (including House Counsel) in this action, as

17  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

18  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

19  attached hereto as Exhibit A;

20        (b)    the officers, directors, and employees of the Receiving Party to whom

21  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

22  Bound by Protective Order" (Exhibit A);

23        (c)    experts (as defined in this Order) of the Receiving Party to whom

24  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25  Bound by Protective Order" (Exhibit A);

26        (d)    the Court, an agreed-upon mediator and their personnel;

27

28

8

1           (e)     court reporters, their staffs, and professional vendors to whom disclosure is

2 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3 Protective Order" (Exhibit A);

4           (f)     during their depositions, witnesses in the action to whom disclosure is

5 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

6 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

7 Protected Material must be separately bound by the court reporter and may not be disclosed to

8 anyone except as permitted under this Stipulated Protective Order.

9           (g)     the author of the document or the original source of the information.

10           7.3     Disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES

11 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

12 the Designating Party, a Receiving Party may disclose any information or item designated

13 "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

14           (a)     the Receiving Party's counsel (including House Counsel) in this action, as

15 well as paralegals and other employees of said Counsel to whom it is reasonably necessary to

16 disclose the information for this litigation and who have signed the "Agreement to Be Bound by

17 Protective Order" that is attached hereto as Exhibit A;

18           (b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably

19 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

20 Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

21 been followed;

22           (c)     the Court, an agreed-upon mediator and their personnel;

23           (d)     court reporters, their staffs, and professional vendors to whom disclosure is

24 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

25 Protective Order" (Exhibit A); and

26           (e)     the author of the document or the original source of the information.

27           7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL-

28 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

9

1        (a)     Unless otherwise ordered by the court or agreed in writing by the

2 Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined in this

3 Order) any information or item that has been designated "HIGHLY CONFIDENTIAL-

4 ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1)

5 identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks

6 permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

7 state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

8 identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

9 Expert has received compensation for work in his or her areas of expertise or to whom the expert

10 has provided professional services at any time during the preceding five years, and (6) identifies

11 (by name and number of the case, filing date, and location of court) any litigation in connection

12 with which the Expert has provided any professional services during the preceding five years.

13        (b)     A Receiving Party that makes a request and provides the information

14 specified in the preceding paragraph may disclose the subject Protected Material to the identified

15 Expert unless, within seven court days of delivering the request, the Receiving Party receives a

16 written objection from the Designating Party. Any such objection must set forth in detail the

17 grounds on which it is based.

18        (c)     A Receiving Party that receives a timely written objection must meet and

19 confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

20 matter by agreement. If no agreement is reached, the Receiving Party seeking to make the

21 disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance

22 with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such

23 motion must describe the circumstances with specificity, set forth in detail the reasons for which

24 the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure

25 would entail and suggest any additional means that might be used to reduce that risk. In addition,

26 any such motion must be accompanied by a competent declaration in which the movant describes

27 the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet

28

1233917.1                   STIPULATED PROTECTIVE ORDER

1   and confer discussions) and sets forth the reasons advanced by the Designating Party for its

2   refusal to approve the disclosure.

3          In any such proceeding the Party opposing disclosure to the Expert shall bear the

4   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

5   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6          8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

7   OTHER LITIGATION.

8          If a Receiving Party is served with a subpoena or an order issued in other litigation

9   that would compel disclosure of any information or items designated in this action as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

11  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

12  and in no event more than three court days after receiving the subpoena or order. Such

13  notification must include a copy of the subpoena or court order.

14         The Receiving Party also must immediately inform in writing the Party who

15  caused the subpoena or order to issue in the other litigation that some or all the material covered

16  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

17  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

18  that caused the subpoena or order to issue.

19         The purpose of imposing these duties is to alert the interested parties to the

20  existence of this Protective Order and to afford the Designating Party in this case an opportunity

21  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

22  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

23  of its confidential material – and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25         9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

27  Protected Material to any person or in any circumstance not authorized under this Stipulated

28  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

1  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

2  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

3  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

4  Agreement to Be Bound" that is attached hereto as Exhibit A.

5         10.    FILING PROTECTED MATERIAL.  Without written permission from the

6  Designating Party or a court order secured after appropriate notice to all interested persons, a

7  Receiving Party may not file in the public record in this action any Protected Material.  A

8  Receiving Party that seeks to file under seal any Protected Material must comply with Civil Local

9  Rule 79-5.

10         11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

11  Producing Party, within sixty days after the final termination of this action, each Receiving Party

12  must return all Protected Material to the Producing Party.  As used in this subdivision, "all

13  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

14  reproducing or capturing any of the Protected Material, including any electronic media.  With

15  permission in writing from the Designating Party, the Receiving Party may destroy some or all of

16  the Protected Material instead of returning it.  Whether the Protected Material is returned or

17  destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

18  not the same person or entity, to the Designating Party) by the sixty day deadline that identifies

19  (by category, where appropriate) all the Protected Material that was returned or destroyed and that

20  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

21  or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

22  provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,

23  transcripts, legal memoranda, correspondence or attorney work product, even if such materials

24  contain Protected Material.  Any such archival copies that contain or constitute Protected Material

25  remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

26         12.    MISCELLANEOUS

27         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

28  person to seek its modification by the Court in the future.

1            12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to disclosing or

3    producing any information or item on any ground not addressed in this Stipulated Protective

4    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

5    the material covered by this Protective Order.

6

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    DATED: February __, 2006          FINE, BOGGS & PERKINS LLP

10

11                                By: _____

12                                     NED A. FINE

                                  Attorneys for Plaintiffs

13                                JOHN CREIGHTON, JAMES FITZPATRICK, and
                                  WILLIAM GALVIN

14

15   DATED: February 22, 2006         MUNGER, TOLLES & OLSON LLP

16

17                                By: _____
                                       REBECCA GOSE LYNCH

18                                Attorneys for Defendant

19                                UNISOURCE WORLDWIDE, INC.

20

21   PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23   DATED: _____02/22/07_____

24                                The Honorable Thelton Henderson
                                  United States District Judge

25

26

27

28

1233917.1                      13
STIPULATED PROTECTIVE ORDER

*Seal: UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA — Judge Thelton E. Henderson*

1    EXHIBIT A

2    ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____ [print

4    or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on [date] in the case of *Creighton, et. al. v. Unisource*

7    *Worldwide, Inc.*, Case No. CV 06-03860 TEH.  I agree to comply with and to be bound by all the

8    terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9    comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

10   promise that I will not disclose in any manner any information or item that is subject to this

11   Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12   of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16   I hereby appoint _____ [print or type full name]

17   of _____ [print or type full address and telephone number] as

18   my California agent for service of process in connection with this action or any proceedings

19   related to enforcement of this Stipulated Protective Order.

20

21   Date: _____

22   City and State where sworn and signed: _____

23   Printed name: _____

24                        [printed name]

25   Signature: _____ [signature]

26

27

28

STIPULATED PROTECTIVE ORDER

1233917.1