1  NED A. FINE (SBN 47786)
   JOHN P. BOGGS (SBN 172578)
2  FINE, BOGGS & PERKINS LLP
   2450 S. Cabrillo Hwy., Ste. 100
3  Half Moon Bay, CA  94019
   Tel.: (650) 712-8908; Fax: (650) 712-1712
4  *nfine@employerlawyers.com*;
   *jboggs@employerlawyers.com*
5  Attorneys for Plaintiffs

6  MARK H. EPSTEIN (SBN 121436)
   E. MARTIN ESTRADA (SBN 223802)
7  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
8  Los Angeles, CA  90071-1560
   Tel.: (213) 683-9100; Fax: (213) 687-3702
9  *mark.epstein@mto.com*; *martin.estrada@mto.com*

10 MALCOLM A. HEINICKE (SBN 194174)
   REBECCA GOSE LYNCH (SBN 230078)
11 MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
12 San Francisco, CA 94105-2907
   Tel: (415) 512-4000; Fax: (415) 512-4077
13 *malcolm.heinicke@mto.com*; *rebecca.lynch@mto.com*
   Attorneys for Defendant
14 UNISOURCE WORLDWIDE, INC.

15                    **UNITED STATES DISTRICT COURT**

16      **NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION**

17

18 JOHN CREIGHTON, JAMES FITZPATRICK      CASE NO. CV 06-03860 the
   AND WILLIAM GALVIN, on behalf of
19 themselves and others similarly situated,      **STIPULATION FOR CONTINUANCE OF
                                                  CERTAIN INITIAL DATES; [PROPOSED]**
20                     Plaintiffs,                **ORDER**

                         vs.                      **[Filed concurrently herewith: Declaration of
21 UNISOURCE WORLDWIDE, INC., and                 Rebecca Gose Lynch in support of
   DOES 1 through 50, inclusive,                  Stipulation for Continuance of Certain
22                                                Initial Dates]**

                      Defendants.
23                                                (Alameda Superior Court Case No.
                                                  RG06270215)
24                                                Courtroom: 12
                                                  The Honorable Thelton E. Henderson
25

26

27

28

1    The parties, through their respective counsel and by this Joint Stipulation, hereby

2  request the Court to continue for a reasonable period the current dates establishing various

3  deadlines.

4                              **PROCEDURAL BACKGROUND**

5    On May 19, 2006, Plaintiffs filed the instant action in the California Superior

6  Court for Alameda County.  They served their Complaint on defendant Unisource Worldwide,

7  Inc. ("Unisource") on May 22, 2006.  Unisource answered the Complaint on June 19, 2006, and

8  removed the action to this Court on June 20, 2006.

9             **FACTUAL AND LEGAL BASES FOR CLAIMS AND DEFENSES**

10                            **AND ISSUES IN DISPUTE**

11    Plaintiffs were, or currently are, employed as sales representatives by Unisource.

12  They assert claims for alleged violations of California labor law on behalf of themselves and all

13  persons similarly situated.  In their Complaint, Plaintiffs make four principal allegations: (a) that

14  Unisource violated California labor law by not reimbursing sales employees for necessary

15  business expenses; (b) that Unisource illegally made deductions from employees' earned

16  commissions; (c) that Unisource unfairly calculated employees' earned commissions; and (d) that

17  Unisource improperly sought a wavier and release from employees for the non-payment of wages

18  and business expenses.  Based on these principal allegations, Plaintiffs allege seven causes of

19  action against Unisource: (1) breach of contract, (2) breach of implied covenant of good faith and

20  fair dealing, (3) nonpayment of wages and improper deductions, (4) violation of Business &

21  Professions Code §§ 17200, et seq., (5) violation of Labor Code § 2802, (6) violation of Labor

22  Code §§ 98.6 and 1102.5, and (7) fraud.

23    Although this lawsuit is in its early stages and discovery is still ongoing,

24  Unisource disputes all of Plaintiffs' principal allegations and it disputes that class treatment is

25  appropriate in this action.

26  **ANTICIPATED MOTIONS AND CLASS CERTIFICATION DETERMINATION**

27    Plaintiffs' Complaint has been filed as a class action.  At this stage in the

28  proceedings, the parties anticipate that the following motions will be filed in this action:  Motion

JOINT STIPULATION FOR CONTINUANCE
                                                                                   AND PROPOSED ORDER

1    for Class Certification and Motion for Summary Judgment or, in the Alternative, for Partial

2    Summary Judgment.  Other motions or filings may be necessary as this litigation progresses.

3            The parties have already engaged in extensive discovery.  On January 17, 2007,

4    the Court approved the parties' joint stipulation to continue initially scheduled dates by

5    approximately two months in order to accommodate the need for further discovery and to

6    accommodate a mediation date on April 12, 2007.[1]  Pursuant to that continuance, the fact

7    discovery cut-off for the class certification phase of the case was set for May 15, 2007, with a

8    further Case Management Conference on May 7, 2007.  The date for filing a motion for class

9    certification is set for June 15, 2007, with the opposition due on July 15 and the Reply due on

10   August 1.  The hearing on the class certification motion is currently set for August 20, 2007.

11           The parties have engaged in a full day of private mediation with one of San

12   Francisco's most respected employment mediators, Mark Rudy.  That took place on April 12,

13   2007.  Defendants brought representatives from their home office in Atlanta to participate in the

14   mediation.  All three named plaintiffs also participated. The mediation was not completed and the

15   parties needed to conduct further review of various issues and documentation.  Consequently a

16   second day of mediation with Mr. Rudy has recently been set.  The earliest date that Mr. Rudy

17   could resume this mediation and hopefully reach a satisfactory resolution is May 25, 2007.  The

18   parties have set aside a full day for this mediation.

19           This upcoming second day of mediation necessitates a continuance in the currently

20   set dates.  Both parties are taking the mediation very seriously.  The parties therefore respectfully

21   request that the Court accept the proposed order below, which establishes a revised schedule to

22   accommodate these concerns by moving the relevant dates back by approximately ninety days as

23   follows: the deadline for mediation would be moved to May 25, 2007, the deadline for fact

24   discovery with regard to class certification issues would be moved to August 24, 2007, the filing

25   

---

26   [1] The Court's initial schedule provided that the class certification motion would be filed no later than April
15, 2007, the opposition due by May 15, 2007, and any reply due by June 1, 2007.  The originally
27   scheduled hearing date for the anticipated Motion for Class Certification was June 18, 2007.  The Court
had also set March 5, 2007 as the date for a further case management conference.  As explained above, on
28   January 17, 2007, the Court approved a stipulation to continue these dates by approximately two months.

1    deadline for any motion for class certification would be moved to September 14, 2007 (with the

2    opposition due by October 15, 2007 and the reply due by November 2, 2007), the hearing on any

3    motion for class certification would be continued to November 19, 2007, and the date for further

4    case management conference would be continued to August 6, 2007 at 1:30 p.m.

5                                                           Respectfully submitted:

6

7    DATED:  April 30, 2007                                 FINE, BOGGS & PERKINS LLP

8                                                           By: _____ RGL

9                                                                   NED A. FINE

10                                                          Attorneys for Plaintiffs
                                                            JOHN CREIGHTON, JAMES FITZPATRICK, and
11                                                          WILLIAM GALVIN

12   DATED:  April 30, 2007                                 MUNGER, TOLLES & OLSON LLP

13

14                                                          By: _____

15                                                                  REBECCA G. LYNCH

16                                                          Attorneys for Defendant
17                                                          UNISOURCE WORLDWIDE, INC.

18

19

20

21

22

23

24

25

26

27

28

1

2

**[PROPOSED] REVISED CASE MANAGEMENT ORDER**

3   The Court's previous Case Management Order is revised as follows:

4           (1) The parties shall participate in private mediation on or before May 25, 2007;

5           (2) Discovery in this matter shall be bifurcated, with the first phase of discovery

6   limited to class certification issues.  Fact discovery with regard to the merits of the individual

7   claims or class claims will proceed after the parties have briefed the anticipated Motion for Class

8   Certification and the Court has determined whether class certification is appropriate here.  While

9   all discovery conducted during the first phase of discovery will be directed at class certification

10  issues only, the parties will not limit the scope of their responses to otherwise valid discovery

11  requests during the first phase of discovery based on the bifurcation of issues in discovery;

12          (3) Fact discovery with regard to class certification issues shall be completed by

13  August 24, 2007;

14          (4) Any Motion for Class Certification will be filed by September 14, 2007, with

15  the opposition due by October 15, 2007, and any reply due by November 2, 2007.  The Motion

16  for Class Certification shall be heard on November 19, 2007.

17          (5) The date for further case management conference will be continued to August

18  6, 2007 at 1:30 p.m.

19          IT IS SO ORDERED.

20

21  Dated: _____05/01/07_____   _____
                                   The Honorable Thelton E. Henderson

22



23

24

25

26

27

28