IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN CREIGHTON, et al,

          Plaintiffs,

    v.

UNISOURCE WORLDWIDE, INC.,

          Defendant.

NO. C06-03860 TEH

ORDER REQUIRING SUPPLEMENTAL BRIEFING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

After reviewing the parties' submissions in support of their joint motion for preliminary approval of class action settlement, the Court finds that supplemental briefing is required to address the provisional certification of the settlement class pursuant to Federal Rule of Civil Procedure 23.

When parties seek certification of a settlement class and approval of a class settlement agreement, this Court is responsible for ensuring fairness to all members of the purported class. District courts

> have the responsibility of ensuring fairness to all members of the class presented for certification. Especially in the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). When the parties reach a settlement agreement prior to class certification, the Court "must pay 'undiluted, even heightened, attention' to class certification requirements . . . ." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (quoting *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

Federal Rule of Civil Procedure 23(a) establishes four prerequisites for class action litigation: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of

representation. The parties have not addressed these four prerequisites to provisional certification of the settlement class. *Cf.* Proposed Order ¶ 3. The parties or the Plaintiffs shall submit additional briefing to support a finding of provisional certification of the settlement class. Specifically, they should address whether the proposed class meets the requirements of Federal Rules of Civil Procedure 23(a)(2), (a)(3), and (a)(4) (as to adequacy of named plaintiffs only).

The Court has two additional concerns about the proposed settlement package. First, the proposed enhancement payments of $50,000 for each of the three class representatives seem high. Disproportionately large payments to named class members can raise serious concerns about the fairness and adequacy of a settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 975. On the other hand, named plaintiffs "are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. Relevant factors include plaintiff's actions to protect the class, the extent those actions have benefitted the class, time and effort expended on the case, and "reasonable fears" of workplace retaliation. *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). While incentive payments of $50,000 are not unheard of, *see Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (S.D. Cal. 1995) (awarding named plaintiff $50,000 in class action where settlement fund exceeded $67 million, named plaintiff participated in many years of litigation, provided key testimony at trial, and did not receive any "great personal benefit" from the litigation), the Court will carefully scrutinize the named plaintiffs' roles to determine whether $50,000 is a reasonable incentive award. The Plaintiffs should submit additional information supported by declaration to the Court that justifies the amount of the award to the named plaintiffs.

The Court also has concerns that the proposed settlement allows any unclaimed settlement funds to remain the property of Defendant Unisource Worldwide, Inc. This Court generally disfavors proposed class action settlements that permit the defendant to retain unclaimed settlement funds. Supplemental briefing should address the propriety of this element of the settlement.

2

Accordingly, IT IS HEREBY ORDERED that either Plaintiffs or the parties jointly shall file supplemental briefing as set out above of no more than 10 pages, on or before **January 7, 2007**. Once the Court has reviewed the supplemental briefing, it will schedule oral argument on the motion if necessary.

**IT IS SO ORDERED.**

Dated: 12/12/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3