NED A. FINE (SBN 47786)
JOHN P. BOGGS (SBN 172578)
FINE, BOGGS & PERKINS LLP
2450 S. Cabrillo Hwy., Ste. 100
Half Moon Bay, CA 94019
Tel.: (650) 712-8908; Fax: (650) 712-1712
*nfine@employerlawyers.com; jboggs@employerlawyers.com*
Attorneys for Plaintiffs and proposed Settlement Class

MARK H. EPSTEIN (State Bar No. 121436)
MALCOLM A. HEINICKE (State Bar No. 194174)
REBECCA GOSE LYNCH (State Bar No. 230078)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Tel.: (415) 512-4000; Fax: (415) 512-4077
*mark.epstein@mto.com*
*malcolm.heinicke@mto.com*
*rebecca.lynch@mto.com*
Attorneys for Defendant
Unisource Worldwide, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO/OAKLAND DIVISION)

| | |
|---|---|
| JOHN CREIGHTON, JAMES FITZPATRICK AND WILLIAM GALVIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNISOURCE WORLDWIDE, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV 06-03860 TEH<br><br>**STIPULATED ~~AND [PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING SETTLEMENT HEARING**<br><br>**Honorable Thelton E. Henderson** |

3944475.1

1         The joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a settlement hearing has been submitted and considered. The Court has considered the Stipulation Re: Settlement of Class Action (and its exhibits), the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefor:

        The Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation");

2. The Class Representatives and Unisource, through their counsel of record in the Litigation, have reached an agreement to settle all Released Claims and resolve the Litigation;

3. The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no effect on the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur, the proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives John Creighton, William Galvin and James Fitzpatrick are typical of the claims of the members of the proposed Class; (d) Class Representatives John Creighton, William Galvin and James Fitzpatrick will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, are qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Class;

3944475.1

1 | 4. The moving parties also have presented to the Court for review a
2 | Stipulation Re: Settlement of Class Action. The Stipulation is within the range of reasonableness
3 | and meets the requirements for preliminary approval; and
4 | 5. The moving parties have also presented to the Court for review a plan to
5 | provide notice to the proposed Class of the terms of the settlement and the options facing the
6 | Class including, *inter alia*: to opt out of the class action, to remain in the Settlement Class, to
7 | object to the terms of the settlement, with counsel if desired, and/or to be a Participating
8 | Claimant. The notice will be mailed to all Class Members at their Last Known Addresses. The
9 | notice plan proposed by the Settling Parties is the best practical under the circumstances.
10 | Good cause appearing therefor, IT IS HEREBY ORDERED that:
11 | 1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation
12 | of Settlement is preliminarily approved and the Class is provisionally certified;
13 | 2. Notice of the proposed settlement, and the rights of Class Members to opt
14 | out of the settlement or become a Participating Claimant, shall be given by mailing of the Notice
15 | to Class Members Re: Pendency of a Class Action by first class, postage prepaid, to all Class
16 | Members pursuant to the applicable provisions in the Stipulation. To be valid, all responses to
17 | the Class Notice must be postmarked to the Claims Administrator on or before the Notice
18 | Response Deadline. Unisource shall provide the Claims Administrator with the information
19 | necessary to conduct this mailing as set forth in the Stipulation;
20 | 3. Within twenty (20) days of this Order, the parties shall meet and confer and
21 | submit to the Court a mutually agreeable date, consistent with the deadlines in the Stipulation, for
22 | a hearing to be held before this Court to consider whether the settlement should be given final
23 | approval by the Court:
24 | (a) Written objections by Class Members to the proposed settlement will be
25 | considered if received, on or before the Notice Response Deadline;
26 | (b) At the Settlement Hearing, Class Members may be heard orally in support
27 | of the settlement, or in opposition to the settlement, provided they submitted a timely written
28 | objection on or before the Notice Response Deadline;

3944475.1

1    (c) Class Counsel and counsel for Unisource should be prepared at the hearing to respond to objections filed by Class Members, if any, and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

    4. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

    5. Prior to the Settlement Hearing, the parties shall file a joint motion for final approval of the settlement.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 02/07/08

_____
The Honorable Thelton E. Henderson
United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Thelton E. Henderson, signed]*

3944475.1